IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRIAN McCARVILL,                          Case No. 3:11-cv-00464-HZ

       Petitioner,                      OPINION AND ORDER

    v.

MARK NOOTH,

       Respondent.


    BRIAN McCARVILL
    Inmate #11037967
    Snake River Correctional Inst.
    777 Stanton Blvd.
    Ontario, OR  97914

       *Pro Se* Petitioner


    JOHN KROGER
    Attorney General
    ANDREW D. HALLMAN
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

       Attorneys for Respondent


    1 - OPINION AND ORDER -

Hernandez, District Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges a prison disciplinary action finding that he violated prohibited inmate conduct rule 2.15, Extortion I, and the associated fine and loss of 26 days good conduct credit, alleging violation of his federal constitutional right to due process.[1] For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

On November 3, 2010, Petitioner received a Misconduct Report from the Oregon State Penitentiary Library Coordinator pertaining to his actions while working in the prison legal library on October 21, 2010. The misconduct report charged Petitioner with violating rule 2.15 - Extortion I, rule 4.01 - Disobedience of an Order I, rule 3.01 - False Information to an Employee I, and rule 4.40 - Unauthorized Area I. (Respt.'s Ex. 105.) On November 9, 2010, Petitioner received a formal hearing before Hearings Officer Clemente ("Clemente").

At the hearing, Petitioner acknowledged having received the Misconduct Report, a Notice of Hearing, a Notice of Inmate Rights in a Hearing, and a copy of the Rules of Prohibited Inmate Conduct;

---

[1]Petitioner does not challenge the findings that he violated three additional rules, which were merged with the Extortion I violation for sanction purposes. (#20, at 2.)

2 - OPINION AND ORDER -

stated he understood his rights; and stated he read the Misconduct
Report. (Respt.'s Ex. 103.) Clemente read the Misconduct Report
into the record and asked Petitioner to admit or deny each charge.
Petitioner denied all charges. (Ex. 103, at 2.) He also submitted
a detailed, six page - front and back - defense statement, which
included a request for witnesses. After reviewing the witness list
with Petitioner, Clemente adjourned the hearing in order to review
Petitioner's statement and determine whether the anticipated
witness testimony would constitute a defense to the charges. (Ex.
103, at 7.)

The formal hearing resumed on November 22, 2010. Hearing
Officer Clemente informed Petitioner she reviewed his statement,
and after doing so prepared questions for the witnesses. She
informed him the witnesses had all been interviewed, and she
received the evidence he submitted in addition to his statement on
November 17, 2010, including the letter he received from one of the
witnesses. (Ex. 104, at 2.) Clemente then reviewed the questions
that were asked of each witness, and each witness's responses.
(*Id.*, at 2-5.) Petitioner commented that the witnesses statements
were partially accurate, but not entirely so. (*Id.*, at 5.)
Clemente found by a preponderance of the evidence that Petitioner
had violated the Extortion Rule I, compelling or inducing a DOC
employee to act or refrain from acting by threats, force or
intimidation. (*Id.*, at 5.) She also found he had violated the
other three rules specified in the misconduct report. For the

Extortion rule violation, Petitioner was sanctioned with 60 days disciplinary segregation, with credit for time already served; 14 days loss of privileges upon release from segregation; a fine of $200; and a loss of 26 days good time credit. (*Id.* at 5.) Sanctions on the other rule violations were merged with the sanctions imposed for the Extortion rule violation. (*Id.* at 6.) Clemente reviewed administrative review procedures with Petitioner. (*Id.*) Petitioner had no questions regarding the sanctions, but sought an explanation for the days that passed between the alleged misconduct and issuance of the Misconduct Report. (*Id.*) Clemente responded: "Looks like over the week and a half from what I've read in the Misconduct Report that there was an ongoing situation, at the time that the staff determined that you were going to be written up, it looks like she wrote you up." (*Id.*)

On December 8, 2010, Petitioner filed an Institution Request for Adjustment of Final Order seeking reduction of the sanctions imposed. (Ex. 108.) Petitioner was granted an 8-day reduction in his disciplinary segregation term. (*Id.*, at 3.)

On December 14, 2010, Petitioner filed for Administrative Review of the disciplinary hearing, arguing that governing administrative rules OAR 291-105-0021(2)(a) & (b) required that the Misconduct Report be filed with the Library Coordinator's supervisor, or the officer-in-charge, within 24 hours of the alleged misconduct on October 21, 2010, and that the Misconduct

Report was not issued until November 3, 2010. (Ex. 110, at "Appendice A.") Petitioner also argued there was not a preponderance of evidence to support finding he violated the Extortion I rule. (*Id*., at "Appendice B.") In a written response dated January 28, 2011, the Inspector General found that upon reviewing the hearing:

> [T]here was substantial compliance with the rule, the finding was based upon a preponderance of the evidence presented and the sanction imposed was in accordance with the provisions set forth in the rule.

(Ex. 111.) The Inspector General also found:

> [T]he evidence supports the rule violations. The misconduct report was submitted within the timeframes required by the rule. The misconduct report was written after the investigation was completed.

(*Id.*)

Petitioner also petitioned to have the misconduct order vacated. In an opinion letter dated May 19, 2011, the Assistant Director, Operations Division - Oregon Department of Corrections stated:

> In reviewing the findings of the hearings officer and your request, I find no significant justification that warrants vacating this order in the interest of justice. The sanction imposed was appropriate.
>
> I encourage you to engage in constructive conduct and pro-social behavior and to make the best of your time while incarcerated. My review is final and I will consider all matters relating to this case closed.

(Ex. 109.)

## **DISCUSSION**

Petitioner filed the instant petition alleging his federal constitutional rights to due process were violated, (1) when the finding that he violated the Extortion I rule was not supported by "some evidence" (Ground One); and (2) when the Oregon Department of Corrections employees ("DOC") failed to comply with OAR 291-105-0021(2), requiring that Misconduct Reports be filed "no later than 24 hours AFTER sufficient evidence is gathered, discovered, or observed to support a charge of violation of rules," and conspired to violate his rights to due process (Ground Two). (#1, Pet., at 3-4.) Petitioner asks the Court to reverse his misconduct report conviction for Extortion I, reinstate his good time credit, and return the $200 fine. (*Id.*, at 4.)

Respondent argues Petitioner is not entitled to relief on Ground One because the Inspector General's finding that the violation was supported by some evidence was not an unreasonable application of *Superintendent v. Hill*, 472 U.S. 455, 455-57 (1985). (#15, Resp. at 6-8.) Respondent argues Petitioner is not entitled to relief on Ground Two because he fails to state a claim based on the following: (1) "a violation of the Oregon Administrative Rules is not cognizable in federal habeas"; (2) even broadly construing the claim as a due process violation, Petitioner received notice of the violation at least 24 hours prior to a hearing on the matter as required under *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974); and

(3) "even if petitioner could demonstrate that the 13-day delay violated his due process rights, he fails to allege prejudice [from the delay]." (*Id.*, at 6-10.)

I.  <u>Standards</u>

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. denied* 545 U.S. 1165 (2005).  A *pro se* petitioner's pleadings are liberally construed by the court. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Porter v. Ollison*, 620 F.3d 952 (9th Cir. 2010)(prisoner pro se pleadings are given the benefit of being liberally construed).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a deferential standard of review such that federal courts may grant a writ of habeas corpus only if the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)). However, the AEDPA's deferential standard does not apply in cases where the state court does not reach the merits of the federal claims. *See Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. <u>Analysis</u>

Petitioner exhausted his administrative remedies. He did not, however, present his due process claim to the Oregon courts, but there does not appear to be a mechanism for him to do so.[2] In any event, the Court need not determine whether Petitioner's due process claims were properly exhausted in Oregon's courts because, as discussed below, the claims fail on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

A. GROUND ONE

In Ground One, Petitioner alleges "there was NO evidence" in the record to support the finding that he violated the rule against Extortion I and, therefore, the resulting loss of good time credits and imposition of a $200 fine violated his right to due process. The Court finds Petitioner's arguments to be without merit.

*Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent v.*

---

[2]In Oregon, state habeas corpus does not lie to address that a prospective release date has been extended, or to address the imposition of a fine. *See Pham v. Thompson*, 156 Or.App. 440, rev. denied 328 Or. 246 (1998)(scope of habeas corpus under ORS 34.362).

*Hill*, 472 U.S. 445 (1985), govern review of prison disciplinary proceedings that result in the revocation of good conduct credits. Under *Wolff*, for due process to be satisfied an inmate must: (1) receive advance written notice of the disciplinary charge(s); (2) be given an opportunity to call witnesses and present evidence in his defense "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) receive a written statement as to the evidence relied upon and the reasons for the disciplinary action.  418 U.S. at 563-67.  Under *Hill*, the findings of a prison disciplinary hearing officer must be upheld if they are supported by "some evidence in the record." 472 U.S. at 454.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.*, at 455-56.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."  *Id.* at 456.

Here, the record shows Petitioner received written notice of the charges against him; Petitioner had an opportunity to present evidence in his defense when he submitted an extensive and detailed statement outlining his defense and when five (5) inmate witnesses,

that he identified, were interviewed regarding the incident; and Petitioner received a written statement of the hearing officer's findings and the sanctions imposed.  There is also evidence in the record that could support the disciplinary hearing officer's conclusion that Petitioner violated the prohibited conduct of Extortion I.  That evidence includes the Library Coordinator's misconduct report, in which she specifies that during the incident on October 21, 2010, Petitioner told her "you need to fire him, if you don't I will turn you in for inappropriate conduct," and that "inmate [Petitioner] attempted to extort me by using threats and intimidation to compel me to terminate another clerk."  (Resp. Ex. 105.)  The evidence also includes a statement from at least one inmate witness that he heard Petitioner threaten to send a kyte reporting the Library Coordinator for an inappropriate relationship.  (Respt's Ex. 104, at 3; Ex. 107 at 32-33.)  Although Petitioner challenges the sufficiency and credibility of the evidence, the question for the Court is whether there is any evidence in the record that could support the disciplinary hearing officer's conclusion that he violated the Extortion I rule.  *See Hill*, 472 U.S. at 456.  The Court finds there is evidence in the record that could support the hearing officer's conclusion.  And the record shows the due process requirements outlined in *Wolff*, were satisfied.  Therefore, Petitioner has not shown his rights to due process were violated and habeas relief on Ground One is precluded.

10 - OPINION AND ORDER -

B.   GROUND TWO

In his second claim, Petitioner alleges Oregon DOC employees violated Oregon Administrative Rules 291-105-0021(2)(a) and (b), which specify a misconduct report will be filed with the reporting employee's supervisor or the officer in charge "no later than 24 hours AFTER sufficient evidence is gathered, discovered, or observed to support a charge of violations of rules"; and that "[t]he reviewing supervisor or designee shall be responsible for providing the inmate with a copy of the misconduct report, rules of prohibited conduct and the notice of hearing and inmate's rights within 24 hours of the filing of the report, unless the inmate is unavailable to be served."  (Emphasis in original.)  Petitioner argues no additional evidence was gathered or discovered in the 13 days from the date of the incident in the library to the date the incident report was filed, and the claim by DOC staff that the incident was under investigation during those 13 days was part of a conspiracy to violate his right to due process by charging him with Extortion I and sanctioning him with the loss of 26 days good time credits.  (#21, at 2 and 4.)

The Supreme Court has repeatedly stated that 'federal habeas corpus relief does not lie for errors of state law.'  *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (quoting *Estelle v McGuire*, 502 U.S. 62, 67 (1991)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Petitioner's claim alleging violation of Oregon's administrative rules therefore fails to state a cognizable claim

11 - OPINION AND ORDER -

for federal habeas relief.  To the extent Petitioner alleges the violation of the administrative rules violated his federal right to due process, the claim must fail.  As discussed above, due process requirements are satisfied when an inmate: (1) receives advance written notice of the disciplinary charge(s); (2) has an opportunity to call witnesses and present evidence in his defense "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (3) receives a written statement as to the evidence relied upon and the reasons for the disciplinary action; and (4) the findings of a prison disciplinary hearing officer are supported by "some evidence in the record." *Wolffe*, 418 U.S. at 563-67; *Hill*, 472 U.S. at 454.  Neither *Wolffe* nor *Hill* stands for the proposition that due process requires that an inmate receive notice of a disciplinary charge within 24 hours of the incident giving rise to the charge.  Nor does the language of the Oregon administrative rules confer a protected interest in inmates receiving a misconduct report within 24 hours of an incident.  Oregon Administrative Rule 291-105-0021 (2)(a) specifies a misconduct report is to be filed "24 hours AFTER sufficient evidence is gathered, discovered, or observed" and "[d]etermination of the sufficiency of evidence shall be a matter of judgment for the employee submitting the report and the immediate supervisor reviewing the report."  The Court, therefore, finds no violation of Petitioner's due process rights from his not receiving the misconduct report within 24 hours of the incident in the library.

12 - OPINION AND ORDER -

In the absence of a finding of a violation of Petitioner's protected due process rights, Petitioner's allegations of a conspiracy to deprive him of his rights to due process cannot stand. Accordingly, Petitioner is not entitled to habeas relief on Ground Two.

<u>**CONCLUSION**</u>

For the reasons stated above, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this action is dismissed. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  8th  day of May, 2012.

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge